# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GERALDINE A. TRICE, ) <br> ) <br>             Plaintiff, ) <br>   vs. ) <br> ) <br> JAMES HUYNH, ) <br> ) <br>             Defendant. ) <br> ) | Case No.: 2:16-cv-02424-GMN-VCF <br><br> **ORDER** |

Pending before the Court is an Ex Parte Application for an Order Annulling the Writ of Temporary Restitution, (ECF No. 6), filed by pro se Defendant Geraldine A. Trice ("Defendant")[1] against Plaintiff James Huynh ("Plaintiff").[2]  Because the Court finds that it lacks jurisdiction over this case, the Court DENIES the Motion and REMANDS the case to state court.

## I.     BACKGROUND

Plaintiff filed a Complaint for Unlawful Detainer on August 22, 2016, in the Justice Court, Las Vegas Township, Clark County, in order to obtain possession of certain real property. (Ex. 1 to Ex Parte Appl. ("Compl."), ¶ 1–9, ECF No. 6).  On October 17, 2016, Defendant removed the eviction action to this Court based upon federal question jurisdiction. (*See* Notice of Removal ¶ 10, ECF No. 1-1).

---

[1] It appears that Defendant's Notice of Removal inadvertently switched the title of the parties. (*See* Mot. to Am. 1:21–22, ECF No. 4) ("This amendment is in order due to the Plaintiff and Defendant name . . . was [sic] incorrect.").  Accordingly, the Court will refer to the parties as they were named prior to removal from state court: Plaintiff James Huynh and Defendant Geraldine A. Trice.

[2] In light of Defendant's status as a pro se litigant, the Court has liberally construed her filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. LEGAL STANDARD

Removal is proper if the case could have been originally filed in federal court. 28 U.S.C. § 1441(a). Original jurisdiction lies with a federal court when a case is "founded on a claim or right arising under the Constitution, treaties or laws of the United States," or when the amount in controversy exceeds the sum of $75,000 and the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1331; 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(b). Removal must occur within thirty days after the defendant is served with the first removable pleading, such as the complaint, and all defendants must join in the removal. 28 U.S.C. § 1446(b). The party seeking removal bears the burden of showing that removal is proper. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Additionally, there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III. DISCUSSION

As the Supreme Court has explained, "[f]or better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 10 (1983). Because Plaintiff's Complaint alleges only state law claims, Defendant cannot base removal on federal question grounds. To the extent that Defendant attempts to allege that her defenses or counterclaims in the eviction action raise a federal question, the Court notes that defenses and counterclaims cannot form a basis for federal jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense" or "an actual or anticipated counterclaim."). Accordingly, the Court remands the case back to state court.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Clerk of Court **REMAND** this action to the Justice Court, Las Vegas Township, Clark County, Nevada.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED as moot**.

**DATED** this __30__ day of November, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court