# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GERALDINE A. TRICE, | ) |
|           Plaintiff, | )    Case No.: 2:16-cv-02424-GMN-VCF |
| vs. | ) |
| | )    **ORDER** |
| JAMES HUYNH, | ) |
|           Defendant. | ) |

Pending before the Court is the Motion to Reconsider, (ECF No. 10), filed by pro se Defendant Geraldine A. Trice ("Defendant")[1] against Plaintiff James Huynh ("Plaintiff").[2] For the reasons discussed below, the Court DENIES the Motion.

## I.    BACKGROUND

Plaintiff filed a Complaint for Unlawful Detainer on August 22, 2016, in the Justice Court, Las Vegas Township, Clark County, in order to obtain possession of certain real property. (Ex. 1 to Ex Parte Appl. ("Compl."), ¶ 1–9, ECF No. 6). On October 17, 2016, Defendant removed the eviction action to this Court based upon federal question jurisdiction. (*See* Notice of Removal ¶ 10, ECF No. 1-1).

---

[1] It appears that Defendant's Notice of Removal inadvertently switched the title of the parties. (*See* Mot. to Am. 1:21–22, ECF No. 4) ("This amendment is in order due to the Plaintiff and Defendant name . . . was [sic] incorrect."). Accordingly, the Court will refer to the parties as they were named prior to removal from state court: Plaintiff James Huynh and Defendant Geraldine A. Trice.

[2] In light of Defendant's status as a pro se litigant, the Court has liberally construed her filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

On November 30, 2016, the Court issued an Order, (ECF No. 8), remanding this case back to the Las Vegas Justice Court. In the instant Motion, Defendant asks the Court to reconsider its Order and reinstate this case in this Court. (*See* Mot. to Reconsider, ECF No. 10).

## II.    LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). However, a motion for reconsideration is not a mechanism for rearguing issues presented in the original filings, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985), or "advancing theories of the case that could have been presented earlier," *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994). Thus, Rules 59(e) and 60(b) are not "intended to give an unhappy litigant one additional chance to sway the judge." *See Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

## III.    DISCUSSION

As the Court's previous Order explained, Plaintiff's Complaint for Unlawful Detainer asserts only state law claims. *See, e.g.*, *Wachovia Mortg., FSB v. Rabb*, No. 2:15-cv-03903-ODW AS, 2015 WL 3454558, at *1 (C.D. Cal. May 29, 2015) (compiling cases). Nevertheless, Plaintiff's Motion cites various federal statutes as well as the United States Constitution, which she insists invoke this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. (*See* Mot. to Reconsider) (arguing, *inter alia*, that the state court case is "preempted by the Civil Rights of 1855"). The Court has already rejected this argument. (Order 2:18–20, ECF No. 8) ("To the extent that Defendant attempts to allege that her defenses or counterclaims in the eviction action raise a federal question, the Court notes that defenses

and counterclaims cannot form a basis for federal jurisdiction.") (citing *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Having reviewed the record in this case, the Court can discern no reason to reject its prior Order. Plaintiff's Motion is therefore DENIED.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider, (ECF No. 10), is **DENIED**.

**DATED** this __14__ day of April, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court