# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GERALDINE A. TRICE,

        Plaintiff,

vs.

JAMES HUYNH,

        Defendant.

Case No.: 2:16-cv-02424-GMN-VCF

**ORDER**

Pending before the Motion for Return of Appeal Filing Fee, (ECF No. 20), filed by pro se Defendant Geraldine A. Trice ("Defendant")[1] against Plaintiff James Huynh ("Plaintiff").[2] For the reasons discussed below, the Court DENIES the Motion.

## I. <u>BACKGROUND</u>

Plaintiff filed a Complaint for Unlawful Detainer on August 22, 2016, in the Justice Court, Las Vegas Township, Clark County, in order to obtain possession of certain real property. (Ex. 1 to Ex Parte Appl. ("Compl."), ¶¶ 1–9, ECF No. 6). On October 17, 2016, Defendant removed the eviction action to this Court based upon federal question jurisdiction. (*See* Notice of Removal ¶ 10, ECF No. 1-1).

On November 30, 2017, the Court filed an Order, (ECF No. 8), remanding this case back to state court, which Defendant appealed, (ECF No. 13). On June 14, 2017, the Ninth Circuit

---

[1] It appears that Defendant's Notice of Removal inadvertently switched the title of the parties. (*See* Mot. to Am. 1:21–22, ECF No. 4) ("This amendment is in order due to the Plaintiff and Defendant name . . . was [sic] incorrect."). Accordingly, the Court will refer to the parties as they were named prior to removal from state court: Plaintiff James Huynh and Defendant Geraldine A. Trice.

[2] In light of Defendant's status as a pro se litigant, the Court has liberally construed her filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

dismissed Defendant's appeal for lack of jurisdiction. (ECF No. 19). In the instant Motion, Plaintiff seeks return of the appellate filing fee. (ECF No. 20).

## II. DISCUSSION

A filing fee is owed upon initiation of an appeal. Fed. R. App. P. 3(e). The obligation to pay the filing fee is not predicated upon the guarantee of some particular outcome. Defendant filed the appeal, triggering the obligation to pay a filing fee, and Defendant is not due a refund simply because it has not proceeded as she envisioned. Moreover, the district court merely receives the appellate filing fee "on behalf of the court of appeals." *Id.* The Court therefore lacks the authority to order the return of a fee paid to the Ninth Circuit. Accordingly, the Court denies Defendant's Motion.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Return of Appeal Filing Fee, (ECF No. 20), is **DENIED**.

**DATED** this __27__ day of June, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court